APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FROM CCBILL LLC

INDEX OF EXHIBITS

EXHIBIT A - SUBPOENA

    EXHIBIT 1 TO SUBPOENA - DOCUMENTS REQUESTED

    EXHIBIT 2 TO SUBPOENA - DEPOSITION NOTICE

EXHIBIT B - PROPOSED ORDER

EXHIBIT C - CHANGE OF ACCOUNT OWNERSHIP FORM

Case 2:14-mc-00030-NVW   Document 8-1   Filed 05/12/14   Page 1 of 15

# **EXHIBIT A**

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | ) | |
|---|---|---|
| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FROM CCBill LLC | ) ) ) ) ) | Civil Action No.   MC-14-0030-PHX-NVW |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   CCBill LLC

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

CCBill LLC is hereby requested to produce a witness for deposition as identified in the Attached Exhibit 2.

| Place: Offices of The Voightmann Law Firm, P.C. 16700 N. Thompson Peak Pkwy, Suite 110 Scottsdale, Arizona 85260 | Date and Time: 06/02/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: CCBill LLC is hereby requested to produce the requested documents identified in the attached Exhibit 1.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                              _____
*Signature of Clerk or Deputy Clerk*                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Joseph B. Elkind
_____ , who issues or requests this subpoena, are:

Peter T. Donovan, The Voightmann Law Firm, P.C., 16700 N. Thompson Peak, Pkwy, Suite 110, Scottsdale, AZ 85260, 480-348-5000, peter@voightmannlaw.com; and JP Duffy, K&L Gates LLP, 212-536-4019, jpduffy@klgates.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MC-14-0030-PHX-NVW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1 - DOCUMENTS REQUESTED

## DEFINITIONS

The following definitions are employed in the document requests below:

1. The term "Document" shall be interpreted to include, but not be limited to, letters, memoranda, drafts, notes, business records, reports, summaries, records, claims, paper writings, forms, calendars, appointment books, expense vouchers, receipts, telephone records, logs, diaries, lists, indices, writings, charts, graphs, spreadsheets, photographs, drawings, audio recordings, video recordings, electronic mail, computer files, as well as any and all information contained or stored in any electronic or computerized manner (including, without limitation, hard drives, personal computers, workstations, floppy disks, optical disks, CD-ROMs, zip disks, computer tapes, networks, local area networks, Intranets and Internets), and any other data compilations or depositories from which information can be obtained.

2. The terms "concerning" or "concern" or "relating to," "relate to," "related to," or "in relation to" mean all information or documentation which is relevant in any way to the subject matter, including, without limitation, all information or documentation which constitutes, represents, contains, records, reflects, refers to, summarizes, evaluates, comments upon, transmits, describes, mentions, alludes to, or in any way discusses the subject matter of any request.

3. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena information that might otherwise be construed to be outside its scope. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any".

4. The term "you" or "yours" or "CCBill" shall mean CCBill LLP, and all of its respective subsidiaries and related companies, and all of their present and former members, partners, principals, directors, executives, officers, employees, agents, consultants, attorneys (to the extent an attorney communication is not subject to privilege) or any other representative acting on its behalf.

5. The term "Breakers Structure" shall refer to the following companies, web-based entities, or internet platforms: Net Management Services LLC; The Cyber Entertainment Network (CEN); NetVision Audiotext; Naughty Webcams; Adult Love Lines; Love Dollars; Net Management Services AVV; Traffic Cash Gold; Combocash; Onlycash; Breakers Asset Holdings AVV; Results Mail (Nevis); I-Verifications Licensing AVV; Verification Systems AVV; Digital Communications Holdings AVV; Virtual World Holdings AVV; Technical Services Procurement AVV; Virtual Processing AVV; Electronic Processing AVV; Zoom free AVV; Klixx Publishing AVV; Email Bucks LLC (Nevis); Dellwood Holdings AVV; and Outcome Mail LLC.

6. The term "Structure II" shall refer to the following companies, web-based entities, or internet platforms: Golden Valley Associates AVV; Punda Investments AVV;

Shadowcreek AVV; Edewater Holdings LLC; New Castle Payment Co. LLC; Pasadena Enterprises Ltd; Timewise Holdings LLC; Alpstein Investments AVV; Plymouth Associates AVV; Glen Lake Associates AVV; Madalay Invest LLC; Oakley Park Enterprises; Dunkel Investments, NV; 4040 Holdings; CJA Holdings; Big Guy Trust; Tumble Stone Limited; Opus Rex, LLC; and any company owned by Roger Nelson, James J. Cattanach, Craig Arjemi, Oscar Shaw, Raquel Napier, or Tiffany Townsend.

## INSTRUCTIONS

1. Each request for production of documents contemplates production in full, without abbreviation or redaction.

2. If any documents called for in this demand for production are withheld from production, furnish a list of such documents containing a complete description of each document, including: (i) the date and number of pages of the document; (ii) its title (if any); (iii) its subject matter; (iv) the identity of each attachment or appendices to the document; (v) the name and identification of each person to whom it is addressed; (vi) the name and identification of each person to whom the document was distributed, shown or explained; (vii) the name and identification of the person or persons by whom it was written; (viii) its present custodian; and (ix) the ground or grounds upon which it is being withheld. If a privilege is asserted as a ground for not producing, or otherwise responding to a request, describe the factual basis for the claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege.

3. In the event that any document called for by this set of requests has been destroyed or discarded, identify each such document by stating: (i) any addresser or addressee; (ii) the addresses of any indicated or blind copies; (iii) the date, subject matter, and number of pages of the document; (iv) the identity of any attachments or appendices to the document; (v) all persons to whom the document was distributed, shown, or explained; (vi) its date of destruction or discard, manner of destruction or discard and reason for destruction or discard; and (vii) the persons authorizing and carrying out such destruction or discard.

4. Unless otherwise expressly stated in writing, failure to produce any item requested herein is a representation that such item does not exist or is not in your possession, custody or control.

## DOCUMENTS TO BE PRODUCED

You are hereby demanded to produce all of the documents and materials requested below pursuant to the instructions on the Subpoena. Unless otherwise indicated, the relevant time period with respect to the requested material is January 1, 2000 to March 1, 2004 ("Time Period").

**REQUEST NO. 1**

Documents sufficient to identify any accounts any of the companies within the Breakers Structure held with CCBill during the Time Period, including but not limited to principle contact information for the account holder, including the account holder's name, address, telephone number, and email address.

**REQUEST NO. 2**

Documents sufficient to identify any change in or transfer of the ownership of any of the accounts identified in response to Request No. 1.

**REQUEST NO. 3**

Documents sufficient to identify the date of any changes or transfers identified in the previous request, the date such change or transfer in ownership was requested, and information sufficient to identify the party or parties requesting such change or transfer.

**REQUEST NO. 4**

Documents sufficient to identify the new owners of any of the accounts identified in response to Request No. 2 following their change or transfer of ownership, including, but not limited to, the principle contact information for the new owner of the accounts, including the new owner's name, address, telephone number, and email address.

**REQUEST NO. 5**

Documents sufficient to identify any payments processed for any of the accounts identified in response to Request No. 2 after the change or transfer in account ownership occurred.

**REQUEST NO. 6**

Documents sufficient to identify CCBill's document retention policies and procedures in place since January 1, 2000.

**EXHIBIT 2 - DEPOSITION NOTICE**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FROM CCBill LLC** | Case No. MC-14-00030-PHX-NVW <br><br> **NOTICE OF RULE 30(b)(6) DEPOSITION** |

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Applicant Joseph B. Elkind, by and through his counsel, will take the deposition upon oral examination of CCBill LLC ("CCBill"). The deposition will take place at the Offices of The Voightmann Law Firm, P.C., 16700 N. Thompson Peak Pkwy, Suite 110, Scottsdale, Arizona 85260, beginning at 10:00 AM on May 29, 2014, and shall continue from day to day until concluded.

CCBill shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf who have first hand knowledge of the following matters:

1.   The authenticity, contents, and collection efforts of the documents requested in Exhibit 1 to the Subpoena.

This deposition will be taken for the purposes of discovery and for any other purposes authorized by the Federal Rules of Civil Procedure and may be videotaped. You are invited to

attend and participate as provided in the Federal Rules.


Dated: May 12, 2014 /s/ Peter T. Donovan
Peter T. Donovan
The Voightmann Law Firm, P.C.
16700 N. Thompson Peak Pkwy, Suite 110
Scottsdale, Arizona 85260
P: (480) 348-5000
F: (480) 348-5515
peter@voightmannlaw.com

James P. Duffy IV (*Pro Hac Vice* Pending)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10020
P: 212.536.3900
F: 212.536.3901
jp.duffy@klgates.com

*Attorneys for Applicant Joseph B. Elkind*

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FROM CCBill LLC | Case No. MC-14-00030-PHX-NVW<br><br>[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782 |

THIS CAUSE came before the Court upon the *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 ("Application") filed by Joseph B. Elkind ("Elkind") seeking leave to serve a subpoena *duces tecum* and *ad testificandum* ("Subpoena") on CCBill LLC ("CCBill"). The Court having considered the Application and otherwise being fully advised of the facts and issues:

ORDERS that:

1. The Application is GRANTED.

2. Elkind is authorized to issue and serve the Subpoena on CCBill in the form proposed and attached to the Application.

3. CCBill shall produce the requested documents within twenty-one (21) days of service of the Subpoena and a copy of this Order on them and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona.

4. CCBill shall be deposed within thirty (30) days of the deadline for their production of documents as described in paragraph 3 of this Order and in accordance with the

Federal Rules of Civil Procedure and the Local Rules of the United Stated District Court for the District of Arizona.

     5.    Any evidence produced by CCBill shall not be filed with this Court absent leave of Court.

**SO ORDERED.**

Dated: _____, 2014       _____
                                         United States District Judge

**EXHIBIT C**



V.2
R. 03/09

## CHANGE OF ACCOUNT OWNERSHIP FORM

**IMPORTANT NOTE**: In order for the change to take effect, this *Change of Account Ownership* form must completed by both the seller and buyer. The *Transaction Processing Agreement, Acceptable Use Policy, Terms & Conditions* and *Addendums A through I* must be completed by the buyer, and the *buyer must submit two forms of identification* in addition to these documents.

In addition, please note that only the principal account owner can buy or sell an account.

Upon receipt of the *Change of Account Ownership* form, CCBill will hold all funds generated on the account until the attached documents have been received along with any supporting documentation. ***THE HOLDBACK AMOUNT HELD ON THE ACCOUNT WILL TRANSFER TO NEW OWNER.***

Adult clients based in the U.S. or Canada who currently process with Visa and wish to process with Visa under the new company name will need to re-register with Visa as well as pay the $750 registration fee.

The CCBill account will be placed on hold until we receive a contract (attached) from the new owner. If linking the account to an existing CCBill account (specify the account under "Buyer Information" below), a new contract does not need to be submitted.

All requests must be completely filled out, signed, and faxed to 480.449.8801. Alternately, signed requests can be scanned and emailed to contractadmin@ccbill.com.

For assistance in completing this form, please send an email to contractadmin@ccbill.com.

### SELLER INFORMATION

| Client Account Number: 923874 | | |
|---|---|---|
| Seller Name: Net Management Services, LLC | | |
| Current Email Address: s.workmanpc@gmail.com | | |
| Address: 2320 N.E. 9th Street | | |
| City: Ft. Lauderdale | State: FL | Zip: 33304 |
| Country: USA | | Tax ID #: 65-1079108 |

### BUYER INFORMATION

| Link to CCBill Account (optional): 944289 | | |
|---|---|---|
| Buyer Name: Tumble Stone Limited | | |
| Email Address: freddy.konings@hbmgroup.com | | |
| Address: Hadfield House, Mezzanine West, Library Street | | |
| City: Gibraltar | State: N/A | Zip: N/A |
| Country: Gibraltar | | Tax ID #: |

***NOTE***: *Please do not assume a change has been made until you receive email confirmation from CCBill to the email address you have provided for the account.*

| Seller Signature: | Date: |
|---|---|
| Seller Name Printed: Craig Arjemi, Principal | |
| Buyer Signature: [signature] | Date: 24/10/2012 |
| Buyer Name Printed: Godefridus H.J. Konings, Principal | |

Copyright © 2009 CCBill, LLC